UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JAN 17 2018

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

MOHSEN KHOSHMOOD, )
)
Plaintiff, )
)
v. ) Civil Action No. 17-2282 (UNA)
)
DIANE M. BRENNEMAN, )
)
Defendant. )

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has submitted a complaint and an application to proceed *in forma pauperis*. The Court will grant the application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2), which requires dismissal of a case "at any time" the court determines that the complaint seeks monetary relief against an immune defendant.

Plaintiff alleges that Diane Brenneman, a Magistrate Judge of the Superior Court of the District of Columbia, dismissed a case he filed in that court. "Judges enjoy absolute judicial immunity from suits for money damages for all actions taken in [their] judicial capacity, unless [the] actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam) (citation omitted); *see Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (concluding that state judge was "immune from damages liability even if his [decision] was in error"). Such "immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Without question, Judge Brenneman's dismissal of the plaintiff's civil suit is an action taken in her judicial capacity. *See Burger v. Gerber*, No. 01-5238, 2001 WL 1606283, at *1 (D.C. Cir. Nov. 20, 2001) (per curiam) (affirming dismissal, on judicial immunity grounds, of claim against a United States Tax Court Judge where "[t]he action about which appellant

complains – ruling on a motion to dismiss a tax court petition – was well within the judge's judicial capacity"); *Thomas v. Wilkins*, 61 F. Supp. 3d 13, 19 (D.D.C. 2014) (finding that "judge's decision to file or deny a party's motions or requests is an action routinely performed by a judge in the course of litigation, and thus would constitute a judicial act immune from suit"), *aff'd,* No. 14-5197, 2015 WL 1606933 (D.C. Cir. Feb. 23, 2015). In addition, the plaintiff fails to make any showing that the judge's "actions [were] taken in the complete absence of all jurisdiction." *Sindram*, 986 F.2d at 1460. Accordingly, in this case, Judge Brenneman is entitled to absolute immunity.

The Court will grant the plaintiff's application to proceed *in forma pauperis*, and will dismiss the complaint and this action. An Order consistent with this Memorandum Opinion is issued separately.

DATE: January 17, 2018

/s/ _____
United States District Judge